United States District Court
Middle District of Florida
Jacksonville Division

**SHADEE KETURAH JEAN,**

***Plaintiff,***

**v.** **NO. 3:26-cv-1943-JEP-PDB**

**THE SCHOOL BOARD OF DUVAL COUNTY, FLORIDA,**

***Defendant.***

---

## Order

The plaintiff sues her former employer for alleged violations of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA). Doc. 4.

If a plaintiff is proceeding without prepayment of fees or costs, a court "shall" dismiss the action if at any time the court determines the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To decide if a plaintiff shows she is entitled to relief, a court will consider only factual allegations, will disregard legal conclusions, and will ask whether the factual allegations—and only the factual allegations—state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). An example of an alleged fact is, "My employer terminated my employment." An example of a legal

conclusion is, "My employer discriminated against me because of my national origin."

The pleading standard does not require detailed factual allegations but requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Labels, conclusions, formulaic recitations of the elements, and "naked" assertions are insufficient. *Id.*

A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility differs from probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). If the pleaded facts are "merely consistent with" liability, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted). Stated another way, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted).

Each factual allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Each claim must be in numbered paragraphs, "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). In responding to a complaint, a defendant must admit or deny each allegation. Fed. R. Civ. P. 8(b)(1)(B). Using numbered paragraphs and a single set of circumstances in each paragraph permits a defendant to reference the paragraph number of the allegation when admitting or denying the allegation.

Title VII prohibits employers from discriminating against employees based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). Each act also prohibits employers from retaliating against a person for opposing any "practice" that violates the act or for making a charge, testifying, assisting, or participating in an investigation under the act. *See* 42 U.S.C. § 2000e-3(a) (Title VII); 42 U.S.C. § 12203 (ADA).

To state a discrimination or retaliation claim under Title VII or the ADA, a complaint need not include facts establishing a prima facie case but must include sufficient facts to plausibly suggest discrimination or retaliation based on the protected characteristic. *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017), *abrogated on other grounds by Bostock v. Clayton Cnty., Ga.*, 590 U.S. 644 (2020) (Title VII); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (per curiam) (Title VII and ADA).

The plaintiff fails to state a plausible claim for relief. She fails to provide sufficient facts to make plausible that the defendant discriminated against her based on her race, national origin, or disability, or that the defendant retaliated against her on those bases. For example, she alleges no facts showing how the defendant failed to accommodate her disability; how the alleged unequal terms and conditions of employment related to her race, national origin, or disability; or how she opposed a practice violating Title VII or the ADA. Membership in a protected class and an adverse employment action alone do not suffice. Generalized grievances about employment do not suffice.

By **October 23, 2026**, the plaintiff must file an amended complaint stating a plausible claim on which relief may be granted. She must include a

short and plain statement of each claim showing she is entitled to relief. She must briefly and plainly explain what occurred, what the defendant did, how what the defendant did relates to her protected characteristic (i.e., race, national origin, disability), and facts that suggest discrimination or retaliation.

**If the plaintiff fails to timely comply with this order, the undersigned may recommend dismissal.** If the time period for suing has passed, the dismissal would operate as a dismissal with prejudice, which would prevent her from litigating her claims now and in the future.

The court's website (www.flmd.uscourts.gov) offers resources for unrepresented litigants, including a *Guide for Proceeding Without a Lawyer*. A copy of the guide is also available at the clerk's office. In addition, the Jacksonville Federal Court Bar Association operates a Legal Information Program through which unrepresented litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Virtual, telephonic, and in-person appointments are available every Tuesday. To request an appointment, the plaintiff may contact the clerk's office at (904) 549-1900 or visit the clerk's office check-in window located on the Ninth Floor of the Bryan Simpson United States Courthouse, 300 N. Hogan Street, Jacksonville, Florida 32202. A brochure with more information about the program is available on the court's website (www.flmd.uscourts.gov/legal-information-program).

**Ordered** in Jacksonville, Florida, on October 1, 2026.

Patricia D. Barksdale
*United States Magistrate Judge*